IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| ONTONAGON POWER GROUP, INC. a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>MALLARD LEASING, LLC, DOUGLAS BROWN, INDUSTRIAL COMMODITY RESOURCES, LLC and PATRICK KELLERMAN,<br><br>Defendants. | Case No: 08 C 4960<br><br>Case No. 08CH31223<br>Judge MORAN<br><br>FILED<br>SEP 3 - 2008<br>Sep 3, 2008<br>Judge James B. Moran<br>United States District Court |

## OPG'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

### Introduction

Ontonagon Power Group, Inc., ("OPG") moves for a preliminary injunction to maintain the status quo by enjoining the Defendants Mallard Leasing, LLC (hereinafter "MLL"), Douglas Brown (hereinafter "Brown"), Industrial Commodity Resources, LLC (hereinafter "ICR") and Patrick Kellerman (hereinafter "Kellerman") from interfering in any manner with OPG's efforts to recover and sell coal and coke from the Acme Steel Plant, while this Court determines the merits of OPG's Complaint for Declaratory and Injunctive Relief ("Complaint"). *See* OPG's Complaint attached as Exhibit A.

### Background Facts

OPG is a corporation engaged in the business of remediation, demolition, sales, and consulting. *See* OPG's Complaint ("Complaint"), ¶ 1. OPG is the sole owner of all rights to sell and remove coal and coke located at the Acme Steel and Coal plant ("Acme Plant"), located at

11236 South Torrence Avenue, Riverdale, Illinois, by virtue of agreement with Jabco Industrial Services Company, Inc. ("Jabco") dated July 6, 2007. *See* Exhibit A to the Complaint. OPG's rights to remove and sell the coal and coke are valuable, unique and time-sensitive. OPG estimates that it will receive in excess of three million dollars for the Product, but all removal of Product must be completed by the time demolition of the Acme Plant is finished. OPG expects demolition to be completed by Jabco by October 21, 2008.

On or about November 9, 2006, OPG appointed MLL as OPG's agent for the recovery of "all coal or coke which may be recovered and marketed economically," with a shipping period of "approximately November 2006 to May 2007." *See* Exhibit C to the Complaint. Thereafter, MLL and Brown materially breached the terms of its agency and its fiduciary obligations as agent for OPG, and the Defendant damaged OPG, by actions and omissions as described in paragraph 6 of the Complaint. Plaintiff then rightfully terminated the contract and agency relationship with Defendants MLL and Brown as described in paragraph 7 and evidenced by Exhibit H of the Complaint. Defendants continue to take actions, as described in paragraphs 8 through 12 and Exhibit I to the Complaint, that frustrate OPG's ability to realize the value of its rights in the coal and coke at the Acme Plant, and damaging its reputation in the industry in which it practices.

OPG now moves for a preliminary injunction that would maintain the status quo, by preventing Defendants from interfering with OPG's efforts to extract coal and coke from the Acme Plant while this Court determines the merits of OPG's Complaint. OPG incorporates by reference herein its Complaint, which is filed simultaneously herewith.

2

## Argument

1.      OPG has moved for a preliminary injunction, and has provided notice of its motion to the Defendants. A temporary restraining order issued with notice and a preliminary injunction issued with notice are the same type of relief, and require the same elements of proof. *In Re Estate of Wilson*, 373 Ill. App. 3d 1066, 1075, 869 N.E. 2d 824, 833 (1st Dist. 2007). In either case, the moving party must establish that it has a protectable right, that it will suffer irreparable harm if injunctive relief is not granted, that its remedy at law is inadequate, and that there is a likelihood of success on the merits. (*Id.* at 1075, 869 N.E. 2d at 833). The party seeking relief needs to show only a "fair question" about the existence of a claim, and that the court should preserve the status quo until the case can be decided on the merits. (373 Ill. App. 3d at 1076, 869 N.E. 2d at 833).

2.      OPG has a protectable property right in its rights to sell coal and coke from the Acme Plant, as evidenced by <u>Exhibit A</u> to the Complaint.

3.      OPG faces the threat of irreparable harm for which it has no legal remedy, because on October 21, 2008, OPG's rights terminate as to any coal or coke present at the Acme Plant. After the demolition of the Acme Plant, OPG will be unable to realize the full value of the amounts of coal or coke present at the site. This failure to realize the full value of the coal and coke would be a monetary loss difficult to calculate, somewhere between 2 and 4 million dollars.

4.      OPG is also suffering irreparable harm because of the damage to its reputation. The failure to extract the coal and coke from the Acme Plant will damage OPG's reputation in the industry in which it does business. Its reputation is further being damages by Defendants' continued conduct in interfering with its efforts to market and sell the coal and coke, resulting in potential buyers declining to do business with OPG. "For there to be an adequate remedy at law

which will deprive equity of its power to grant injunctive relief, the remedy 'must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy.' " *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill.2d 540, 549, 370 N.E.2d 223, 227 (1977) (citation omitted). The continuing damage to OPG's reputation within its industry is damage difficult to calculate, and is not damage that monetary compensation would cure.

5. Finally, the rights to extract the coal and coke at the Acme Plant represent the sole asset and source of income for OPG, so the continued interference by Defendants frustrating OPG's efforts to realize its value is eliminating its ability to conduct business. *See Id.* (wrongful suspension of payments constituting 90% of Plaintiff's business would cause damages of an uncertain magnitude).

6. As set forth in the Complaint, OPG has a likelihood of success on the merits. The contract between OPG and Defendants MLL and Brown was for a certain period of time defined by the shipping period that expired in May of 2007. *See* Exhibit C to the Complaint. After this date the contract became an "at will" contract. Additionally, even if the contract was not "at will," Defendants MLL and Brown's materially breached the contract as described in paragraph 6 of the Complaint, amounting to cause for OPG to terminate the conduct. On February 4, 2008, OPG, terminated the contract, thus terminating any and all rights or powers which MLL or Brown may have possessed with regard to recovery or sale of coal and coke at the Acme Plant, as evidenced by the email attached as Exhibit H to the Complaint.

7. The balance of harm favors OPG. A preliminary injunction in this case will maintain the status quo by allowing the coal and coke to be extracted from the Acme Plant prior to October 21, 2008, when OPG's rights to the coal and coke is likely to expire. Any claim to extract the coal and coke that is alleged by Defendants would be derivative of OPG's rights, and

4

while this controversy is decided it serves the interest of both parties to have the coal and coke extracted by a third party. The continued actions by Defendants are only serving to delay extraction to the point that it will no longer be possible.

8. Under these circumstances, OPG has raised a fair question in regard to its claim, established all elements necessary for entry of a preliminary injunction, and in order to preserve the status quo for the benefit of all parties the preliminary injunction should be granted.

WHEREFORE, OPG Ontonagon Power Group, Inc., prays that this Court grant its Motion for Preliminary Injunction, and enter an order preliminarily enjoining, until a hearing on the merits, the Defendants, their agents and any persons acting in active concert with any Defendant, from interfering in any manner with OPG's efforts to recover and sell coal and coke from the Acme Steel Plant, including informing third parties that any of the Defendants are able to or are the sole entities permitted to market coal and coke from Acme, and that this Court grant such other and further relief as this Court deems just and proper.

Dated: August, 25, 2008

Respectfully submitted,

ONTONAGON POWER GROUP, INC., OPG

By: _____
One of Its Attorneys

Joel J. Sprayregen
Roger J. Kiley
Attorneys for OPG
SHEFSKY & FROELICH LTD.
111 E. Wacker Dr., Ste. 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-1007
Firm I.D. 29143
1094042_3

5